NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO CANDELARIO, JR., | ) | No. C 07-00934 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO DISMISS |
| | ) | |
| vs. | ) | |
| | ) | |
| J. RODRIGUEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | (Docket No. 15) |
| | ) | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") officials. Finding the complaint, liberally construed, stated cognizable claims, the Court ordered service upon Defendants J. Rodriguez, L. Pennisi, L. Herhandez, R. LaPurga, and T. Sheets at SVSP. Defendants filed a motion to dismiss the complaint , (Docket No. 15), for failure to exhaust administrative remedies before filing the suit pursuant to 42 U.S.C. § 1997e(a). Plaintiff did not file an opposition with the Court. According to Defendants' reply, (Docket No. 26 at 2), Plaintiff served an opposition to the motion on Defendants on March 24, 2008, but did not file it with the Court. Defendants filed a copy of the opposition with the Court with their reply, in which they argue that the opposition should

be excluded as untimely because Plaintiff served the opposition well after the time for filing had passed and Plaintiff did not file a copy with the Court. To date, Plaintiff has not filed an opposition with the Court or any further pleading in response to Defendants' motion and reply. The Court will now consider the merits of the motion.

## DISCUSSION

A.   <u>Standard of Review</u>

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006) (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." <u>Id.</u> Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies. <u>Id.</u> at 85-86 (citing <u>Booth</u>, 532 U.S. at 734).

The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. <u>Id.</u> at 93. This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." <u>Id.</u> at 84. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." <u>Id.</u> at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. <u>Id.</u> "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." <u>Id.</u> at 90-91 (footnote omitted). Accordingly, the filing of an untimely grievance or appeal is not proper exhaustion. <u>See id.</u> at 92. A prisoner must complete the administrative review

process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 87; see also Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must file appeals in the place, and at the time, the prison's administrative rules require); Ross v. County of Bernalillo, 365 F.3d 1181, 1185-86 (10th Cir. 2005) (same).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Id. at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Jones, 127 S. Ct. at 921-22. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Wyatt, 315 F.3d at 1119. In deciding such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the

1 court may look beyond the pleadings and decide disputed issues of fact. <u>Id.</u> at 1119-20.
2 If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper
3 remedy is dismissal without prejudice. <u>Id.</u> at 1120.
4 B.      <u>Legal Claims</u>

5       Plaintiff alleged the following claims: (1) Defendants violated his Eighth
6 Amendment rights by acting with excessive force on August 22, 2006; and (2)
7 Defendants conspired to plant a weapon in Plaintiff's cell, resulting in disciplinary
8 charges against him, in retaliation for his "snitching" about the alleged excessive force
9 incident in violation of his rights under the First and Fourteenth Amendments. Plaintiff
10 alleges that he administratively exhausted these claims through inmate appeal no. 06-
11 02967. (Compl. Ex. 1.)

12       Defendants argue that Plaintiff failed to properly exhaust inmate appeal no. 06-
13 02967, and therefore this action should be dismissed for failure to exhaust administrative
14 remedies in accordance with 42 U.S.C. § 1997e(a). Defendants have provided the
15 declarations of E. Medina, the Inmate Appeals Coordinator at SVSP, and N. Grannis, the
16 Chief of the Inmate Appeals Branch, sufficient to show that Plaintiff's inmate appeal no.
17 06-02967 was cancelled for untimeliness because it was filed forty-one days after the
18 alleged incident and not within the fifteen working days required under state law, Cal.
19 Code Regs, tit. 15, § 3084.6(c). (<u>See</u> Medina Decl. Ex. B.) According to the inmate
20 appeal form, Plaintiff submitted the appeal on September 5, 2006, with a stamped
21 received date of October 2, 2006. (Compl. Ex. 1.) The cancelled appeal was returned to
22 Plaintiff on October 16, 2006 as untimely. (<u>Id.</u> at 2.) On the same day, Plaintiff filed the
23 appeal to the Director's Level for review. (<u>Id.</u>) The appeal was screened out on October
24 19, 2006, because it was not completed through the second level of appeal before it was
25 submitted to the Director's Level.

26       Plaintiff does not dispute his failure to submit the matter to the second level of
27 appeal before submitting the matter to the Director's Level. Rather, Plaintiff argues that
28 failure to appeal the matter to the second level is not a valid reason to reject an appeal at

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\CR.07\Candelario934_grant-mtd (exh).wpd          4

the Director's Level under state law, *i.e.*, Cal. Code Regs, tit. 15, § 3084.3(c). (Pl.'s Oppo. at 2) (C. Fritz Decl. Ex. A). Be that as it may, prison officials may still cancel an appeal for an inmate's failure to comply with the time requirements provided under section 3084.6(c), which was why Plaintiff's appeal was returned at the first level. Instead of following prison procedures and appealing the matter to the second level of appeal, Plaintiff chose to submit the matter directly to the Director's Level where it was rejected for failure to complete second level of appeal on October 19, 2007. (N. Grannis Decl. Ex. A.) Plaintiff's claim that prison officials are unfairly screening inmate appeals, (Pl.'s Oppo. at 3), does not excuse his failure to submit the matter to the second level of appeal. Without going back to the second level for review to exhaust his nonjudicial remedies, Plaintiff filed the instant complaint in this Court on February 14, 2007. It is clear that Plaintiff failed to properly exhaust his administrative remedies at the time he filed the instant complaint. See Ngo, 548 U.S. at 84.

Because Plaintiff failed to exhaust his administrative remedies with respect to his prison claims, Defendants' motion to dismiss the complaint (Docket No. 15) is GRANTED. See 42 U.S.C. § 1997e(a). This action is DISMISSED without prejudice to Plaintiff refiling after all available administrative remedies have been properly exhausted. Wyatt, 315 F.3d at 1120.

## CONCLUSION

For the foregoing reasons, the motion to dismiss by Defendants J. Rodriguez, L. Pennisi, L. Herhandez, R. LaPurga, and T. Sheets for failure to exhaust administrative remedies (Docket No. 15) is GRANTED. The claims against them are **DISMISSED** without prejudice.

IT IS SO ORDERED.

DATED: 8/13/08

JEREMY FOGEL
United States District Judge